## BRANDENBURG *v.* DISTRICT OF COLUMBIA.

---

CONDEMNATION OF LAND; ASSESSMENT FOR BENEFITS; CONSTITUTIONAL LAW.

1. The act of Congress of July 22, 1892, as amended by the act of Congress of August 24, 1894, authorizing the Commissioners of the District of Columbia to institute proceedings to condemn land for the purpose of opening existing alleys and minor streets, and providing for the assessment of damages against the property benefited, etc., is constitutional.

2. Alleged irregularities in a proceeding by the Commissioners of the District of Columbia under the act of Congress of July 22, 1892, as

amended by the act of Congress of August 24, 1894, for the condemnation of land and opening and extending of minor streets and alleys in the city of Washington, consisting of the failure of the Commissioners to certify that the preservation of peace, good order, and public morals required the widening of the alley in question; and that the District assessor certified that the landowners petitioning for the improvement "appeared' to be the owners of more than one half of the land within the block, without showing that any examination by him had been made showing that such was the case,—are insufficient, when not raised by the dissatisfied landowner to whom proper notice was given of the proceeding, until after the award of the jury by condemnation had been made, and then in a proceeding against the Commissioners by certiorari to quash the assessment of benefits against the property.

3. In a certiorari proceeding against the Commissioners by a landowner, to cancel an assessment of benefits against his property, made as a result of a proceeding under the statute for the condemnation of land for the opening of alleys and minor streets, wherein he was awarded 25 cents a foot for the land taken, and his remaining land was charged with the benefits at the rate of 50 cents a foot, so that the resulting assessment against his remaining property exceeded the sum awarded him as damages by nearly $1,000, it was *held* that the petitioner, having been served with due notice, and having had an opportunity to be heard before the jury on the subject of damages and benefits to his land, could not be again heard to insist that the assessment complained of should be annulled because the jury failed to make a correct assessment and apportionment, although the case appeared to be one of hardship.

No. 1586.   Submitted October 5, 1905.   Decided November 8, 1905.

HEARING on an appeal by the petitioners from a judgment of the Supreme Court of the District of Columbia dismissing a petition for the writ of certiorari.                              *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. C. A. Brandenburg, Mr. E. C. Brandenburg,* and *Mr. F. W. Brandenburg* for the appellant.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This is an appeal from the judgment of the court below over-ruling the motion of _petitioner to quash the return of the re-spondent to the writ of certiorari, issued herein, and dismissing the petition.

It appears that appellant, at the time of the proceedings com-plained of, was, and still is, the owner in fee of certain lots known as 42 and 43 in square 69, in the District of Columbia.

By an act of Congress, approved July 22, 1892, the District Commissioners were authorized to open and extend alleys, and by an amendatory act, approved August 24, 1894, its terms were extended to authorize the opening of the minor streets. Pursuant to the provisions of said acts, the Commissioners of the District of Columbia, upon the request of the claimed owners of more than one half of the land in the square, in February, 1898, ap-plied in writing to the marshal of the District to summon a jury to condemn the land necessary for widening a 30-foot alley in square 69 to a width of 60 feet, and to apportion the damages and assess the benefits thereof as provided for in said acts, the minor street so to be created to be known as Newport place. The marshal summoned a jury of twelve disinterested citizens, and notified the owners of the property to be affected, among whom is this appellant, who is named as having been served with a copy of the notice, which specified the time and place of the meeting of the jury.

The jury, having subscribed and sworn to the oath required, proceeded to discharge the duties imposed upon them, and duly certified their proceedings, which, in turn, were certified by the marshal and returned to the District Commissioners. The award and finding of the jury, so far as relates to the appellant's lots, shows that they assessed the value of the land taken at 25 cents per foot, amounting to $92 for sublot 42 and $75 for sub-lot 43. The jury charged against the parts of the two lots remaining as benefits at the rate of 50 cents per foot, or a total of $650 and $550, respectively, and, deducting the sums allowed for the parts taken, found the amounts due to be, respectively,

$558 and $475.    Pursuant to the findings of the jury, the District assessor levied these amounts against the residue of the two lots.

The District of Columbia made a return to the writ of certiorari, and prayed that it be quashed and the petition denied. A hearing was had, which resulted, as stated, in a denial of appellant's motion to quash the appellee's return and for judgment quashing the taxes complained of, and dismissed the petition for the writ.    This action of the court below is assigned as the error in the case.    It is urged on behalf of appellant, 1st, that the act of Congress under which the proceedings were had is unconstitutional, and, 2d, that the proceedings had were not in accordance with law.

1. It is urged that the act is unconstitutional, because it provides for taking private property for public use without just compensation and without due process of law; because it provides for the apportionment of the total amount of damages awarded for the land condemned, with the expenses of the proceedings, among the lots in the square without regard to actual benefits; that it limits the area of assessment to the particular square without reference to benefits to adjacent squares, and without regard to the fact that actual benefits may not equal the total cost of the improvements; and, finally, that, the law being general, no legislative consideration can be had in reference to the actual benefits of the area benefited in each particular proceeding taken.

It is conceded that, in view of the decision of the Supreme Court in *Wight* v. *Davidson,* 181 U. S. 371, 45 L. ed. 900, 21 Sup. Ct. Rep. 616, Congress has the right to direct that all the expenses of an improvement may be assessed upon the property benefited, and may define the territorial district considered to be benefited.    We are not prepared to say that Congress, having such right, may not pass a general act for opening or widening minor streets and alleys located within a single block, and declare that the property benefited shall be held to be the property within the block, and that the cost of the improvement shall be borne by the owners of such located property.    Upon

such a subject we think legislative consideration can be had, and that Congress exercised it in framing and passing the act complained of. It appears to us to be quite different from the case where tracts of land are to be taken for parks or other purposes, or from the opening of streets of considerable length, opening up a new section of a city. We must not lose sight of the fact that the Supreme Court of the United States has spoken in no uncertain tone of the powers, both of a political and municipal nature, of Congress over the District of Columbia. *United States* v. *Lee,* 106 U. S. 196, 27 L. ed. 171, 1 Sup. Ct. Rep. 240. In condemning private property for public purposes hardships will often follow, be the proceedings had either under a general statute or under a special act. We may admit that special acts for the purpose specified are fairer to and better for the property owner than general acts, but to declare a general act unconstitutional requires something more. In our opinion, the act under which this proceeding was had is not unconstitutional.

2. This conclusion requires us to consider whether the alleged irregularities in the proceeding were such as to require a ruling that the tax complained of should be annulled. Any objection based on the ground that the Commissioners of the District failed to certify that the preservation of peace, good order, and public morals required the widening of the alley, conceding that the passageway widened was an alley and not a minor street, is of no force, provided the owners of more than one half of the real estate in the square signed the petition upon which they acted. It appears that the District assessor certified that the persons whose signatures were appended to the petition appeared to be the owners of 121,255 square feet, which were more than the one-half of the land within the square. If the contention of the appellant that the certificate is faulty in that it states that the persons signing "appear" to be the owners, etc., it would require, in order to make a certificate free from any criticism as to form, that an examination be made in all cases similar to this, as well as in this, not contemplated by the act in question or by any reasonable act. The objection is one which should be

taken, if at any time, when the hearing is had before the jury. It appears that notice was given to the appellant of the time and place of the meeting, and, though the notice is objected to as insufficient, we think that it was sufficient to require the presence of the appellant if he desired to raise objections to the preliminary proceedings, or to see that the damages and advantages to his property were properly passed upon. This is so, at least, as to technical objections, which could have then been cured. We think that the certificate of the assessor was sufficient both as to form and substance, and that the signatures to the petition were sufficient basis upon which to found his certificate. It is not to be presumed that he did not make proper examination of the official records in considering the petition, nor that he did not have sufficient proof before him that the parties signing had the legal title to the property for which they signed. While it may be that the appellant could have shown otherwise, and is injured because he did not do so at a proper time, we must consider that the taxpayers of the District are entitled to have their interests guarded. While it is stated in appellant's brief that this proceeding was promptly taken, yet the record discloses nothing earlier in date than the filing of the amended petition, which was on June 3, 1904. Proceedings such as these should not only be promptly commenced, but diligently prosecuted. Nevertheless, we do not question that all statutory requirements in proceedings of this nature must be observed, and that any failure to observe them can be availed of at almost any stage of the proceeding; but we have referred to what might be termed the equities and hardships of the case at bar because the appellant's argument, or brief, largely relates to them.

The objections that there is no finding by the jury of benefits, and that the assessment is in excess of the value of the lots and in excess of the benefits received, are not sufficiently shown to warrant a reversal. The jury, having found the damages to the real estate to be the value of the respective parcels of land at the time of taking, proceeded, as the act required them to do, to apportion the amount of such damages as benefits to the re-

maining property,—all this after having "entered upon said square," and after "having heard evidence introduced by the parties interested." The appellant, having been served with due notice, had an opportunity to be heard on the subject of damages and benefits to his lots, and cannot now be heard to insist that the taxes complained of should be annulled because the jury failed to make correct assessment and apportionment, whatever his rights may be to attack the constitutionality of the act and the preliminary steps leading up to such proceedings before the jury.

While on its face the allegations of the amended petition, especially as fortified by the brief, show a case of hardship, it is not such a one as we can recognize as vitiating the act under which the proceedings were taken, or invalidating the proceeding itself.

We conclude that there was no error in the judgment of the court below, and it should be *affirmed, with costs. And it is so ordered.*

A writ of error to the Supreme Court of the United States was allowed January 12, 1906.